IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **SAIREE WRIGHT**<br>P.O. Box 4177<br>Helena, Montana 59604<br><br>　　Plaintiff,<br><br>v.<br><br>**FRANCIS ALEXANDER AUDISIO n/k/a JOHN DOE**<br>17622 Lisa Valley Court<br>Chesterfield, Missouri 63005<br><br>and<br><br>**MARICELA ALEXANDERSSON**<br>232 Larimore Valley Drive<br>Chesterfield, Missouri 63005<br><br>　　Defendants. | CASE NO.:_____<br><br><br>**JURY TRIAL PRAYED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Sairee Wright (hereinafter "Plaintiff"), by and through her attorneys, Lauren M. Geisser and Gilman & Bedigian, LLC, sues Francis Alexander Audisio (hereinafter "Assailant") and Maricela Alexandersson (hereinafter "Defendant Maricela") (collectively "Defendants") and states as follows:

**PARTIES**

1.　　That Plaintiff, Sairee Wright, is a citizen of the State of Montana.

2.　　That Assailant is a citizen of the State of Missouri.

3.　　That Defendant Maricela is a citizen of the State of Missouri.

**JURISDICTION AND VENUE**

4.　　This Court has subject matter jurisdiction in this action in accordance with 28 U.S.C. §1332 based on diversity of citizenship between parties and the amount in controversy

which exceeds Seventy-Five Thousand Dollars ($75,000.00).

5. This Court has personal jurisdiction over Assailant because the Assailant engaged in tortious conduct within the State of Maryland, as alleged in this complaint.

6. This Court has personal jurisdiction over Defendant Maricela because Defendant Marcela engaged in tortious conduct within the State of Maryland, as alleged in this complaint.

7. This venue is proper according to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Maryland.

## FACTS COMMON TO ALL COUNTS

8. That all events giving rise to this action occurred in Baltimore County, Maryland.

9. That on or about August 10, 2018, Ms. Wright and Assailant were in a relationship and resided together in the Pomona Apartments, located at 12 Pomona South, Apt 5, Pikesville, Maryland 21208.

10. That on or about August 10, 2018 at approximately 9:40 p.m., following a dinner with the Assailant's family, including Defendant Maricela, Ms. Wright and Assailant began to argue.

11. That at some point during the argument, upon information and belief, Assailant violently perpetuated a forceful physical touching of Ms. Wright, causing her to sustain *inter alia* fractures to her skull and a traumatic brain injury, from which she never fully recovered.

12. That after violently injuring Ms. Wright, Assailant carried her to a gate located in the Pomona Apartment complex's parking lot and requested the gate attendant to call for help.

## COUNT I
(Battery – Assailant)

13. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 12 and all other counts of this Complaint with the same effect as if herein fully set forth.

14. That Assailant's actions constituted an intentional touching, which was non-consensual, harmful, and offensive, and was undertaken deliberately and with actual or implied malice.

15. That as a proximate result of Assailant's actions, Plaintiff was caused to be seriously, painfully, and permanently injured about the body, and limbs, sustaining *inter alia* a fractured skull and traumatic brain injury; to undergo hospital treatment and medical care; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

16. That as a proximate result of Assailant's actions, Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from work and from her other daily pursuits.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT II
(Intentional Infliction of Emotional Distress – Assailant)

17. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 16 and all other counts of this Complaint with the same effect as if herein fully set forth.

18. Assailant physically battered Plaintiff, causing her to sustain extreme, permanent, and debilitating injuries.

19. Assailant's conduct was intentional, reckless and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

20. Assailant's behavior was extreme and outrageous beyond the bounds of decency in society.

21. Assailant's conduct was malicious, willful, and intentional.

22. As a result of Assailant's actions, Plaintiff has suffered and will continue to suffer severe and extreme mental anguish and emotional distress that has and will continue to disrupt her daily functioning, in addition to past and future medical and other related expenses, as well as time lost from her daily pursuits and her employment.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III
(Negligence – Assailant)

23. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 22 and all other counts of this Complaint with the same effect as if herein fully set forth.

24. Assailant owed Plaintiff a duty of reasonable care.

25. That Defendant was negligent and careless by failing to exercise care and caution for the safety of others, and was otherwise negligent in causing Plaintiff to be injured.

26. That as a proximate result of Assailant's actions, Plaintiff was caused to be seriously, painfully, and permanently injured about the body, and limbs, sustaining *inter alia* a fractured skull and traumatic brain injury; to undergo hospital treatment and medical care; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

27.     That as a proximate result of Assailant's actions, Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from work and from her other daily pursuits.

28.     The Plaintiff further states that all of her injuries, damages, and loses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT IV
(Civil Conspiracy – Assailant)

29.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 28 and all other counts of this Complaint with the same effect as if herein fully set forth.

30.     Upon information and belief, Assailant entered into an agreement with Defendant Maricela, whereby Defendant Maricela agreed to enter the property where the battery of Plaintiff occurred and destroy evidence of the battery and resulting injury to Plaintiff, in furtherance of and to conceal Assailant's battery of Plaintiff.

31.     Upon information and belief, on or about August 10, 2018, Defendant Maricela and/or an agent operating on behalf of Assailant and/or Defendant Maricela, gained access to the property where the battery of Plaintiff occurred and destroyed evidence of the battery of Plaintiff including the surveillance tapes of the occurrence and events after the occurrence.

32.     Assailants' actions in conspiring to destroy evidence were intentional, deliberate, and undertaken with actual malice.

33. As a proximate result of this Defendant's conspiracy to destroy evidence, Plaintiff has suffered additional severe mental anguish and emotional distress.

34. The Plaintiff further states that all of her injuries, damages, and loses complained of were caused directly by the Defendants without any action on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V
(Civil Conspiracy – Defendant Maricela)

35. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 34 and all other counts of this Complaint with the same effect as if herein fully set forth.

36. Upon information and belief, Assailant entered into an agreement with Defendant Maricela, whereby Defendant Maricela agreed to enter the property where the battery of Plaintiff occurred and destroy evidence of the assault and resulting injury to Plaintiff, in furtherance of and to conceal Assailant's battery of Plaintiff.

37. Upon information and belief, on or about August 10, 2018, Defendant Maricela and/or an agent operating on behalf of Assailant and/or Defendant Maricela, gained access to the property where the battery of Plaintiff occurred and destroyed evidence of the battery of Plaintiff including the surveillance tapes of the occurrence and events after the occurrence.

38. Defendant Maricela's actions in conspiring to destroy evidence were intentional, deliberate, and undertaken with actual malice.

39. As a proximate result of this Defendant's conspiracy to destroy evidence, Plaintiff has suffered additional severe mental anguish and emotional distress.

40. The Plaintiff further states that all of her injuries, damages, and loses complained of were caused directly by the Defendants without any action on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VI
(Aiding and Abetting – Defendant Maricela)

41. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 40 and all other counts of this Complaint with the same effect as if herein fully set forth.

42. Assailant committed various torts against Plaintiff, including but not limited to battery, intentional infliction of emotional distress, and negligence.

43. Defendant Maricela possessed actual knowledge of the aforementioned tortious and wrongful conduct of Assailant.

44. Defendant Maricela aided, abetted, and encouraged Assailant's tortious and wrongful conduct by providing substantial assistance, aid, and encouragement in the commission of such conduct by perpetuating and assisting in the destruction of evidence.

45. Defendant Maricela's actions were intentional, deliberate, and undertaken with actual malice.

46. As a proximate result of Defendant Maricela's tortious aiding and abetting of Assailant's tortious conduct, Plaintiff has suffered additional severe mental anguish and emotional distress.

47.     The Plaintiff further states that all of her injuries, damages, and loses complained of were caused directly by the Defendants without any action on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VII
(Gross Negligence – Assailant)

48.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 47 and all other counts of this Complaint with the same effect as if herein fully set forth.

49.     Assailant owed Plaintiff a duty of reasonable care.

50.     That Defendant was grossly negligent by willfully and wantonly perpetuating a violent and forceful touching of the Plaintiff, willfully and wantonly failing to exercise care and caution for the safety of others, and was otherwise grossly negligent in causing Plaintiff to be injured.

51.     That as a proximate result of Assailant's actions, Plaintiff was caused to be seriously, painfully, and permanently injured about the body, and limbs, sustaining i*nter alia* a fractured skull and traumatic brain injury; to undergo hospital treatment and medical care; to incur medical expenses; and to lose time and wages from her employment and from her other daily pursuits.

52.     That as a proximate result of Assailant's actions, Plaintiff will be caused in the future to undergo medical care and treatment; to incur medical expenses; and to lose time from work and from her other daily pursuits.

53. The Plaintiff further states that all of her injuries, damages, and loses complained of were caused directly by the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

GILMAN & BEDIGIAN, L.L.C.

*/s/ Lauren M. Geisser*
Lauren M. Geisser
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
lgeisser@gblegalteam.com
Bar ID 29190
*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a jury on all issues herein.

*/s/ Lauren M. Geisser*
Lauren M. Geisser