## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SAIREE WRIGHT, *et al.*,                    *

    Plaintiffs,                              *

v.                                          *          Civil Action No. EA-21-809

FRANCIS ALEXANDER AUDISIO,                  *

    Defendant.                               *

### MEMORANDUM ORDER

On March 30, 2021, Plaintiffs Sairee Wright and Haydee Wright filed suit against Defendant Francis Alexander Audisio and another individual Defendant, who has since been dismissed from the case, alleging battery, negligence, and other state law tort claims.[1]  ECF Nos. 1, 13–14.  The claims Plaintiffs allege in their Second Amended Complaint are set to be tried by a jury beginning on July 6, 2026.  ECF Nos. 47, 87.  Pending before the Court is Mr. Audisio's motion to bifurcate trial (ECF No. 90), which is fully briefed (ECF No. 93).[2]  On April 28, 2026, the undersigned held a hearing on the instant motion, as well as two motions *in limine* that have since been resolved.  ECF Nos. 97–98.  On May 13, 2026, the parties filed a partial joint proposed pretrial order that, among other things, outlines the anticipated trial witnesses and the scope of their anticipated testimony.  ECF Nos. 101; 101-1; 101-2.  For the reasons set forth below, Mr. Audisio's motion to bifurcate is GRANTED IN PART and DENIED IN PART.

---

[1]  Shiloh Wright brings claims on behalf of Sairee Wright, an incapacitated person.  After the Court denied the parties' cross-motions for partial summary judgment (ECF Nos. 70–71), the parties consented to proceed before a United States Magistrate Judge for all further proceedings pursuant to 28 U.S.C. § 636(c) and Local Rules 301 and 302 (D. Md. Dec. 1, 2025) (ECF Nos. 73–76).  Pursuant to the parties' consent, this case was reassigned to the undersigned on October 15, 2025.  ECF No. 73.

[2]  Defendant elected not to file a reply and time for doing so has expired.  Local Rule 105.2(a).  Plaintiffs' motion to supplement their opposition to the pending motion was denied as an impermissible surreply.  ECF Nos. 99–100.

Federal Rule of Civil Procedure 42 governs the consolidation and separation of trials. As applicable here, it provides that "the court may order a separate trial of one or more separate issues [or] claims" for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "[O]nly one of these criteria need be met to justify bifurcation." *Johnson* v. *Baltimore Police Dep't*, 500 F. Supp. 3d 454, 458 (D. Md. 2020) (internal quotation marks and citation omitted). "The court has broad discretion in deciding whether to bifurcate claims for trial," a determination that is often "fact specific." *Beasley* v. *Kelly*, Civil Action No. DKC 10-49, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010) (citation omitted); *see also McKiver* v. *Murphy-Brown*, LLC, 980 F.3d 937, 974 (4th Cir. 2020) (observing that "in our federal system, bifurcation is a case-specific procedural matter within the sole discretion of the trial court") (quotation marks and citation omitted). Despite the breadth of this latitude, "[b]ifurcation is the exception; not the rule." *Fernandes* v. *Montgomery Cnty., Md.*, Civil Action No. SAG-10-752, 2012 WL 6738799, at *5 (D. Md. Dec. 27, 2012) (quotation marks and citation omitted). The party seeking to bifurcate has the burden of proving that bifurcation is appropriate under the criteria outlined in Rule 42(b). *McKiver* v. *Murphy-Brown, LLC*, 980 F.3d 937, 975 (4th Cir. 2020); *Lemp* v. *Majkrzak*, Civil Action No. MJM-23-691, 2025 WL 2800025, at *5 (D. Md. Sept. 30, 2025).

Mr. Audisio seeks to bifurcate trial into two phases, with the jury first deciding liability and then, if necessary, damages (both compensatory and punitive). ECF No. 90 at 1.[3] Mr. Audisio contends that introduction of anticipated evidence regarding the severity, permanence, and impact of Sairee Wright's alleged injuries during the liability phase risks introducing confusion and undue prejudice, whereas bifurcation would promote efficiency and judicial

---

[3] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

economy given the number of damages witnesses. *Id.* at 2–4. Plaintiffs oppose the motion in part, arguing that the issues of liability and compensatory damages should be tried together, followed by a punitive damages phase. ECF No. 93. As to bifurcation of liability and compensatory damages, Plaintiffs posit that the "evidence surrounding liability and damages substantially overlap," and that "the nature, extent, and mechanisms of injury, as well as the need for treatment and the temporal progression of symptoms, inform whether Defendant's conduct caused Plaintiffs' harms." *Id.* at 1, 3.

Plaintiffs' Second Amended Complaint pleads sixteen counts. ECF No. 47. Plaintiffs advance battery and related claims on behalf of Sairee Wright (Counts I, III–IV), sexual abuse and related claims on behalf of Haydee Wright (Counts V, VII–XI, XIII–XVI), and intentional infliction of emotional distress claims on behalf of both Sairee and Haydee Wright (Counts II, VI, XII). *Id.* One of the unique features of this case is that, due to brain injuries, Sairee Wright is unable to testify as to how she sustained the alleged injuries that form the basis of her causes of action against Mr. Audisio. ECF No. 93 at 3; *see also Wright* v. *Audisio*, Civil Action No. BAH-21-809, 2025 WL 2841629, at *3 (D. Md. Oct. 7, 2025) (noting that "it is undisputed that the head injuries sustained by Sairee [Wright] continue to be incapacitating"). Consequently, the offer of proof with respect to causation of the injuries will be provided by witnesses other than Sairee Wright. *Id.*; ECF No. 101-1. For example, Omar Zalatimo, MD, MPH, MHA, a neurologist and one of Sairee Wright's treating physicians, is expected to testify both to the causation and treatment of Sairee Wright's injuries. ECF No. 101-1 at 8. Other anticipated fact witnesses, such as Plaintiffs' mother, a security guard, and a bystander, are expected to testify on topics that relate to both liability and damages as to Sairee Wright, and Haydee Wright is expected to testify as to liability and damages for the counts in which she is the alleged victim. *Id.* at 6–7. What is more, the required elements of the intentional infliction of emotional distress

claims call for evidence of emotional distress. *Wright*, 2025 WL 2841629, at \*5 ("To recover for intentional infliction of emotional distress . . . under Maryland law, a plaintiff must establish that (1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe.") (quotation marks, citation, and footnote omitted). Thus, for all of the counts to be tried, it is expected that there will be an overlap of evidence concerning liability and compensatory damages.

"Bifurcation is warranted when the issues are particularly complex and/or the proof of damages is essentially independent of the proof of liability." *Air-Shields, Inc.* v. *Boc Grp., Inc.*, Civil Action No. WMN-91-2571, 1992 WL 315230, at \*2 (D. Md. Feb. 28, 1992), *supplemented sub nom. Air-Shields, Inc. v. Boc Grp.*, 1992 WL 315231 (D. Md. Sept. 25, 1992). On the other hand, "bifurcation is inappropriate when the evidence on liability and damages overlaps." *Topline Sols., Inc.* v. *Sandler Sys., Inc.*, Civil Action No. WDQ-09-3102, 2015 WL 4385940, at \*8 (D. Md. July 14, 2015) (quotation marks, alteration, and citation omitted); *see also Marryshow* v. *Town of Bladensburg*, 139 F.R.D. 318, 320 n.6 (D. Md. 1991) ("In a case in which there is substantial overlap of evidence, it may be less, rather than more, efficient to bifurcate the trial."). This is not a case where evidence of liability and damages can be cabined to "two distinct stories." *Mount Hawley Ins. Co.* v. *Adell Plastics, Inc.*, Civil Action No. JKB-17-252, 2019 WL 2360929, at \*4 (D. Md. June 4, 2019) (ordering the phasing of trial, with the jury deciding the issue of coverage first, followed by breach, lack of good faith, and damages, if necessary). To the contrary, in many respects, the anticipated evidence on liability and compensatory damages dovetail, thus counseling against bifurcation.

To the extent Mr. Audisio relies on the potential for confusion and undue prejudice, he has not offered particularized arguments that carry his burden of establishing a basis for

bifurcation.  What is more, any potential for prejudice can be prevented or cured through application of the Federal Rules of Evidence, limiting instructions to the jury, and the jury charge.  *Palma* v. *Montgomery Cnty., Maryland*, 598 F. Supp. 3d 288, 300 (D. Md. 2022).

On the other hand, the parties agree, and the undersigned concurs, that the jury should separately consider the issue of punitive damages.  Thus, following a determination of liability, compensatory damages, and the threshold issue of whether punitive damages are available, the parties may present evidence as to punitive damages (if authorized by the jury in its initial deliberations).

Based on the foregoing, it is hereby ORDERED that the motion to bifurcate (ECF No. 90) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.


Date:  May 18, 2026                 _____/s/_____

Erin Aslan
United States Magistrate Judge